575 S.E.2d 109

**STATE of West Virginia ex rel. Ronald A. HOLCOMB, Petitioner,**

v.

**Honorable David W. NIBERT, Judge of the Circuit Court of Mason · County, Respondent.**

No. 30519.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 4, 2002.

Decided Oct. 18, 2002.

Concurring in part and dissenting in part of Justice Albright Dec. 5, 2002.

Ronald A. Holcomb, *pro se.*

Hon. David W. Nibert, Judge, Point Pleasant.

PER CURIAM.

The petitioner Ronald A. Holcomb seeks the issuance of a writ of mandamus ordering the Circuit Court of Mason County to dismiss fines against him that he claims are over ten years old.

## I.

Because of his failure to pay fines and court costs assessed against him for a variety of criminal offenses, the petitioner's driver's license was revoked. The petitioner argues that these fines and court costs should be dismissed because (1) the claims are more than ten years old, and (2) he is indigent.

The petitioner wishes to have the following fines and costs dismissed. In October 1988, the petitioner was charged with speeding and operating a motor vehicle without proper registration. He failed to appear for his court date, and the magistrate court assessed an $18.00 fine and $37.00 in costs. In 1994, the petitioner pled guilty to driving on a suspended license, was assessed a $100.00 fine, charged $62.00 in court costs, and sentenced to a jail term of 48 hours. In March of 1995, the petitioner pled guilty to public intoxication, was fined $10.00, and charged $82.00 in court costs. Finally, in July of 1995, the petitioner pled guilty to a domestic battery charge and the magistrate court assessed him $82.00 in costs and sentenced him to a jail term of six days. None of these fines or costs were ever paid by the petitioner.

On December 15, 2000, the petitioner, representing himself, filed a "Petition for Relief of Fines and Cost[s]" with the Circuit Court of Mason County asking to have all of the listed fines and court costs dismissed. After considering the petition, Circuit Court Judge David W. Nibert entered an order on January 24, 2001, denying the petitioner's request. The petitioner did not appeal the January 24, 2001 circuit court order to this Court.

On July 12, 2001, the petitioner filed a petition for a writ of mandamus directly with this Court seeking to require the Mason County circuit court to dismiss the aforesaid fines and court costs.

The petitioner is currently incarcerated for an offense other than those for which he

seeks to have assessed fines and costs dismissed.

## II.

■ West Virginia's *Constitution* grants this Court jurisdiction over writs of mandamus and other extraordinary remedies. " 'The supreme court of appeals shall have original jurisdiction of proceedings in habeas corpus, mandamus, prohibition and certiorari. The court shall have appellate jurisdiction in civil cases at law where the matter in controversy, exclusive of interest and costs, is of greater value or amount than three hundred dollars....' W. Va. Const., art. VIII, § 3, *in part.*" Syllabus Point 4, *Foster v. Sakhai*, 210 W.Va. 716, 559 S.E.2d 53 (2001). The petitioner's request is properly before this Court.

■ The petitioner argues that it is unfair that his driver's license was revoked because he was indigent. The West Virginia Division of Motor Vehicles has the authority[1] to revoke the driver's license of an individual who has failed to pay fines and court costs.[2] Citing *W.Va.Code*, 59–1–36 [1953],[3] the petitioner argues that fines and costs that he is unable to pay "are allowed to be dismissed."

However, *W.Va.Code*, 59–1–36 [1953] applies only to the "fees and allowances mentioned in this article [*W.Va.Code*, 59–1–1 to 59–1–39]." *W.Va.Code*, 59–1–36 [1953]. *W.Va.Code*, 59–1–1 to 59–1–39, generally covers the administrative fees and costs that can be charged by different state and county entities and is not applicable to the fines and costs from which the petitioner is seeking relief. For example, *W.Va.Code*, 59–1–6 [1923] defines the fees that a surveyor can charge and *W.Va.Code*, 59–1–7 [1923] lists the fees that a notary public can charge. *W.Va.Code*, 59–1–36 [1953] does not apply to the fines and costs assessed for criminal charges by magistrate courts.

■ The petitioner also cites to *W.Va. Code*, 61–11–9 [2002][4] in support of his petition for a writ of mandamus. This Court has reviewed *W.Va.Code*, 61–11–9 [2002] and likewise finds that this provision is inapplicable to the petitioner's request.[5]

## III.

Therefore, the petitioner's petition for a writ of mandamus is denied.

Writ Denied.

Justice ALBRIGHT dissents and reserves the right to file a dissenting opinion.

1. *W.Va.Code*, 17B–3–6 [1997] states in pertinent part, that:

   (a) The division is hereby authorized to suspend the driver's license of any person without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee: ...
   (7) [h]as failed to pay or has defaulted on a plan for the payment of all costs, fines, forfeitures or penalties imposed by a magistrate court or municipal court within ninety days[.]

2. *W.Va.Code*, 17B–3–3c [1993] states in pertinent part, that:

   (a) The division shall suspend the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state upon receiving notice from a circuit court, magistrate court or municipal court of this state ... that such person has defaulted on the payment of costs, fines, forfeitures, penalties or restitution imposed on the person by the circuit court, magistrate court or municipal court upon conviction for any criminal offense by the date such court had required such person to pay the same, or that such person has failed to appear in court when charged with such an offense.

3. *W.Va.Code*, 59–1–36 [1953] states that:

   If a person shall present to the proper collecting officer such person's written statement, certified by the chief executive officer of a duly chartered legal aid society, that he is pecuniarily unable to pay any of the fees and allowances mentioned in this article, he shall be forgiven and not required to pay such costs.

4. *W.Va.Code*, 61–11–9 [2002] states, in part that:

   [a] prosecution for committing or procuring another person to commit perjury shall be commenced within three years next after the perjury was committed. A prosecution for a misdemeanor shall be commenced within one year after the offense was committed[.]
   We note that this *Code* section was amended in 2002, but no substantive changes were made that would affect this appeal.

5. In *State v. Murrell*, this Court held that an individual cannot be incarcerated solely because of his inability to pay court-ordered fines or costs. *See* Syllabus Point 7, *State v. Murrell*, 201 W.Va. 648, 499 S.E.2d 870 (1997). We find that the principles enunciated in *Murrell* are not applicable to this case since the petitioner is in prison on charges unrelated to those charges referred to in his petition.

ALBRIGHT, Justice, concurring in part, dissenting in part.

(Filed Dec. 5, 2002)

I write separately because, although I agree with the majority that our law does not and should not provide for dismissal of fines and court costs because a person is indigent,[1] I do believe a writ of mandamus should have issued in order to allow the petitioner to attempt to obtain the relief, to the extent permitted by statute, he ultimately was seeking—reinstatement of his driving privileges. Granting a writ, as moulded, seems particularly appropriate in this case, since the petitioner was proceeding pro se and was unaware of the applicable law, which was quite clearly demonstrated in the majority opinion.

In general terms, our state laws require that when a criminal defendant does not pay costs, fines and other assessments imposed by a circuit, magistrate or municipal court within a prescribed amount of time, the clerk of the court is to notify the Division of Motor Vehicles (hereinafter "DMV"), which in turn is to suspend the delinquent defendant's driver's license until such time as the assessments are paid in full and the reinstatement fee is paid to DMV. *See* W.Va.Code §§ 50–3–2a, 62–4–17, 8–10–2a and –2b,17B–3–6, 17B–3–3c. The majority failed to point out that as part of this process, the Legislature provided a mechanism by which those who are unable to pay the court-imposed assessments may receive court authorization to operate a motor vehicle if certain conditions are met. Since it appears that the appellant's convictions occurred in magistrate court,[2] the applicable statutory exception to license suspension is found in West Virginia Code § 50–3–2a(c)(1) which states, in pertinent part,

> [t]hat any person who has had his or her license to operate a motor vehicle in this state suspended pursuant to this subsection and his or her failure to pay is based upon inability to pay may, if he or she is employed on a full or part-time basis, peti-

tion to the circuit court for an order authorizing him or her to operate a motor vehicle solely for employment purposes. Upon a showing satisfactory to the court of inability to pay, employment and compliance with other applicable motor vehicle laws, the court shall issue such an order.

The petitioner's expressed concern was that he be relieved of the obligation to pay court-imposed costs and fines *in order that* he be permitted to drive a motor vehicle. Consequently, in light of the foregoing, issuance of a writ of mandamus, moulded to permit an opportunity to enjoy the benefits of West Virginia Code § 50–3–2a(c)(1), would have been the proper course to take.

Accordingly, I respectfully register my dissent.

---

**1.** *See,* Syl. Pt. 7, in part, *State v. Murrell,* 201 W.Va. 648, 499 S.E.2d 870 (1997) ("An individual is not excused from the imposition of the maximum sentence allowed under a statute simply because he is indigent, even if that sentence includes the imposition of fines pursuant to statute.").

**2.** Had the assessments been imposed in circuit court, the applicable statutory exception appears in West Virginia Code § 62–4–17(b), while the exception related to municipal court assessments is located in West Virginia Code § 8–10–2b(b).